[L. A. No. 9165. In Bank.—May 3, 1929.]

AGLAE S. CAPUCCIO, Plaintiff and Appellant, v. ARTHUR J. CAIRE et al., Defendants and Respondents; EDMUND A. ROSSI, Defendant and Appellant.

Ambrose Gherini, Orrin K. McMurray and James E. Lyons for Appellants.

J. F. Bluxome and Frank P. Deering for Respondents.

RICHARDS, J.—In this matter there are two questions presented by the appellants upon their appeal from the judgment. The first of these involves the correctness of an order of the superior court in and for the county of Santa Barbara dismissing a motion made by the plaintiff in this action for an allowance of counsel fees. The second of these questions involves the correctness of an order of said court denying the appellant Rossi's motion to change and modify the report of the referees in this action. Each of the foregoing orders was made prior to the making and entry of

the final judgment herein, and each is sought to be reviewed and is, we think, reviewable upon the appeal from said final judgment.

The legal troubles and disputes of the parties to this action, in so far as these relate to their contentions upon these and certain former appeals, date their inception from the year 1912, when a certain corporation known as the Santa Cruz Island Company, and of which the parties to this litigation, or the predecessors of some of them, were the stockholders, failed to pay the corporate license tax due under the provisions of the act of March 20, 1905, and the amendments thereto, and in consequence forfeited its corporate charter. In May, 1912, Edmund A. Rossi, one of the appellants therein, acquired from Amelia A. Rossi her shares and interest as a stockholder in and to the property and assets of said corporation and thereupon commenced an action against the directors or trustees of said corporation, the purpose of which action was to enjoin the said directors and trustees from continuing to carry on the business of said defunct corporation and to compel them as the trustees thereof to wind up its affairs, pay its debts and distribute its assets among its stockholders according to their respective interests therein. When that action reached this court upon appeal one of the questions presented for determination related to the nature of the interest which the stockholders of such corporation had, respectively, in its real and personal properties and assets from and after the date of the forfeiture of its corporate charter, and this court, while holding that this question was incidental to the relief which was the main object of the action, nevertheless deemed it necessary to determine that, the corporation having ceased to exist and being thus no longer capable of holding the title of property, such property belonged to the persons who were its stockholders at the time it ceased to be a corporation, subject to the temporary possession of its directors, who, upon its dissolution, had become its trustees for the purpose of winding up the affairs of the former corporation and making distribution of its assets to the real owners thereof, which owners, in so far as the real estate was concerned, were held to have become tenants in common thereof. There were certain other matters determind upon said appeal not necessary now to be referred to, but the orders

appealed from were reversed and the cause remanded to the trial court for further proceedings. The decision of this court upon that appeal was handed down on December 16, 1916, and the *remittitur* therein was duly issued thirty days thereafter (174 Cal. 74 [161 Pac. 1161]). Thereafter, and on August 8, 1917, another action was instituted by said Edmund A. Rossi, which had for its purpose that of obtaining an accounting and distribution among the former stockholders of said corporation according to their respective interests in its property arising from the forfeiture of its corporate charter. The principal questions presented in that action and upon appeal from the judgment rendered therein related to an attempted revival of said corporation under certain later amendments to the earlier statute under the terms of which it had suffered the forfeiture of its charter. When that action reached this court upon appeal it was held, in conformity with the earlier decision above referred to, that said corporation, having ceased to exist under the state law as it stood when its said charter was forfeited, it could not be the subject of a revival, at least, in the absence of a consent on the part of all its former stockholders whose respective rights in and to its properties had become vested when such corporation had ceased to exist. This court in the state of said appeal did not deem it necessary to determine the precise nature of the interests of the former stockholders of said defunct corporation in its properties, but apparently assumed that that question had been correctly decided upon the former appeal. The judgment of attempted revivor was reversed and the cause remanded to the trial court for further proceedings not inconsistent with the views expressed in the opinion. The decision of this court upon that appeal was handed down on July 28, 1921, and in due course became final (186 Cal. 544 [199 Pac. 1042]). In the meantime, and while this latter action was pending upon appeal in this court, and in the month of May, 1918, the plaintiff herein instituted in said superior court the present action, which had for its purpose the partition of the lands of Santa Cruz Island among the parties to this action who, the plaintiff alleged, were tenants in common thereof. Santa Cruz Island, which is the largest of the so-called Channel Islands, is situate off the coast of the county of Santa Barbara, but is included within its

boundaries, and consists of about 58,800 acres of land; and prior to the dissolution of the aforesaid Santa Cruz Island Company had constituted the real estate holdings of said corporation and the lands and real properties thereof to which, according to the terms of the first case of *Rossi* v. *Caire* (174 Cal. 74 [161 Pac. 1161]), the former stockholders of said defunct corporation had succeeded as tenants in common thereof. The trial court, upon the issue joined in this latter action, determined that the plaintiff therein was entitled to an interlocutory decree of partition of said real properties among the parties thereto and who constitute the tenants in common thereof in conformity with the earlier decision of this court in the first case of *Rossi* v. *Caire*. Upon appeal to this court the judgment of the trial court to that effect was affirmed in an opinion filed on September 14, 1922 (189 Cal. 514 [209 Pac. 374]), and which in due course became final. Upon the going down of the *remittitur* upon that appeal the trial court proceeded to carry into effect its interlocutory decree through the appointment and activities of certain referees selected to make and to report a proper distribution of said real estate in conformity with the terms of said interlocutory decree, in order to enable said court to enter its final decree of partition therein. Upon the return and report of said referees, and during the time when the said court was proceeding to hear such matters as had relation to the form and content of its said final decree of partition, the plaintiff herein gave and duly caused to be served a motion to the effect that on Monday, September 28, 1925, "the plaintiff will move the said court for reasonable counsel fees herein in favor of the plaintiff, to be paid by the parties respectively entitled to share in the land divided in proportion to their respective interests. Said motion will be made on the ground that said plaintiff is entitled to such allowance and that it is just and equitable that the same should be made." At the time fixed for the hearing of said motion counsel for the moving parties therein, in presenting the same, stated to the court that the moving parties to said motion were making the same under the provisions of section 796 of the Code of Civil Procedure. The parties to said action other than the plaintiff and Edmund A. Rossi, one of the defendants therein, appeared and presented certain objections

to the hearing and determination of said motion. The first of these objections related to the form of the notice of said motion and was based upon the ground that in said notice of motion it had not been expressly stated that said motion was to be a motion ''for reasonable counsel fees expended by plaintiff for the common benefit,'' as required by the provisions of section 796 of the Code of Civil Procedure. The second objection which was urged to the hearing and determination of said motion was the objection that in said action, which purported to be an action for partition, the defendants thereto other than said Edmund A. Rossi had denied and contested the existence of a cotenancy between the parties to said action, and hence that in the presence of and existence of such denial and contest counsel fees of plaintiff in said action were not allowable under the provisions of said section of the Code of Civil Procedure. This objection also went further, to the extent of setting forth that in said action certain other contested issues had been presented and determined and that as to all contested matters in said action both the plaintiff and defendants had been represented by counsel, and for this additional reason counsel fees were not recoverable to any extent whatever by the plaintiff in the action. Upon the presentation of the foregoing objections to the hearing and determination of said motion the moving parties thereto offered to produce witnesses in support of their motion, but the trial court, while holding that as to the first of said defendants' objections that it was technical and that the plaintiff's motion was sufficiently noticed under the provisions of section 796 of the Code of Civil Procedure and was so understood by counsel for the defendants, refused to permit the production of such or any evidence in support of said motion upon the ground urged in the defendants' aforesaid second objection and thereupon made and entered its order dismissing said motion; from which order the first of the appeals herein to be considered was taken.

Counsel for the respondents insist that they are entitled to have this court and upon this appeal determine that their first ground of objection to the hearing of the plaintiff's motion for the allowance of counsel fees in this action should have been sustained by the trial court. We find no merit in this insistence for the twofold reason that

the trial court did not base its order for the dismissal of the plaintiff's said motion upon that ground, but, on the contrary, held that the plaintiff's said motion was being sufficiently made under the provisions of section 796 of the Code of Civil Procedure; and also for the reason that we are of the opinion that the trial court was entirely correct in so ruling. This, as we have seen, was an action for partition and the Code of Civil Procedure with special relation to actions of this character has expressly provided that "the costs of partition" of the plaintiff or either of the defendants "including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein." The foregoing is the only provision of law under which a plaintiff in an action for partition would be entitled to move the court for an allowance of counsel fees and it would, therefore, not be necessary to include an express reference to the aforesaid section of the code in plaintiff's notice of motion.

We pass, therefore, to a consideration of the sufficiency of the second objection urged by the respondents upon the hearing of said motion and which was to the effect that in a contested action for partition the plaintiff was not permitted to recover any counsel fees whatever under the aforesaid provisions of section 796 of the Code of Civil Procedure.

We are satisfied that the foregoing objection to the hearing and determination of the plaintiff's motion for an allowance of counsel fees as made in the trial court under the provisions of section 796 of the Code of Civil Procedure was and is not sustainable either under the provisions of said code applicable to actions for the partition of real property, or under the authorities cited by counsel for the respondents in support thereof, or under the facts and circumstances in the instant case. This, as we have seen, was an action for the partition of certain real property, which action was instituted and has been thus far conducted under the provisions of chapter IV, part II, title X, of the Code of Civil Procedure. This chapter of said code commences at section 752 thereof and extending to section 801,

inclusive, thereof, embraces a complete and elaborate scheme for the institution and maintenance of an action for partition. It provides in section 752 thereof that such an action may be brought by any one or more of several cotenants owning real property as joint tenants or tenants in common and having an estate of inheritance or for life or lives or for years therein. It imposes upon the plaintiff in such action the duty of setting forth in his complaint the full details as. to the interests of all other persons in the property and the nature of such interests or ownerships so far as known to said plaintiff. It requires that the plaintiff shall immediately record in the office of the recorder of the county. or of the several counties in which the property is situated a notice of the pendency of the action containing the names of the parties so far as known, the object of the action and a description of the property to be affected thereby. It directs the issuance of a summons containing much more in detail than is required in the ordinary process issued in civil actions. It provides for the publication by the plain-, tiff of such summons and its service by that method upon all parties to the action whose share or interest is unknown and who themselves either reside out of the state or cannot be found therein. It further provides that when necessary the plaintiff may procure an abstract of title of the property to be partitioned for the inspection and use. of all the parties to the action and requires that the expense reasonably incurred in procuring such abstract shall be allowed to the party incurring it. All of the foregoing requirements imposed upon the plaintiff in the first instance arise prior to any appearances on the part of the defendants in the action. This title of said code further proceeds to set forth a considerable number of important matters. in the further course of the proceedings for the partition. of the real property involved in said action, including the ascertainment of the rights of lienholders, the procedure. for the appointment, qualification, services and report of referees to be appointed by the court for the purpose either of making a proper distribution of said property in kind· and in severalty to those who may be found entitled thereto , or to report and recommend a sale of said property either in whole or part and the distribution similarly of the pro-, ceeds of such sale. It will thus be seen that from the in-

ception of an action for partition instituted by any one or more of several cotenants having the right as such and as plaintiffs to institute such an action there is a considerable succession of required procedural details which must be initiated and carried forward by the plaintiff or plaintiffs in the action and which at the final analysis inure to the common benefit of those parties to the action who shall be found to be respectively entitled to a share of the lands to be thus divided. It was doubtless for the purpose of making a just and equitable provision for the division of the expenses entailed either by the plaintiff or by any one or more of the defendants in pursuing the required courses for the partition of the property involved in said action whenever such expenditures could be shown to have been made for the common benefit that section 796 of the Code of Civil Procedure was formulated and embraced in said title thereof.

█ Assuming that the action for partition was properly brought and that the trial court shall have so determined upon the issues as framed in said action, and having so determined shall proceed to distribute said property or the proceeds thereof among the several persons so found to be the owners as cotenants of hitherto undivided interests therein, we are of the opinion that the more just and equitable rule to be applied to such cases would require a proper division of the expenditures entailed in the maintenance of such actions for the common benefit among those who shall have been found to be entitled to their respective shares and interests in said property by the ultimate judgment of the court, regardless of whether or not there had arisen and been litigated controversies either over the question as to whether or not the parties to the action were cotenants or over the extent of their respective interests as such in the property thus sought to be divided. █ It is not to be understood that in so holding we are deciding that the cost of litigating purely controversial issues arising in such actions between parties thereto who have their own counsel and are incurring their own costs in the effort to sustain their adverse claims shall be chargeable or recoverable against the losing party or the parties to such controversy. It is evident that such was not the intent of the framers of section 796 of the Code of Civil Procedure, since it is

expressly provided therein that it is only when the costs, including counsel fees entailed in said action, shall be found to have been expended for the common benefit that they shall be chargeable or recoverable by whichever of the parties, plaintiff or defendant, shall have so expended the same. The cases to which we have been referred by counsel for the respondents in support of said objection are not persuasive as furnishing to this court a sufficient reason for interpreting the provisions of the title of our Code of Civil Procedure relating to actions for partition otherwise than as we have thus construed it, since in the main such cases have arisen in jurisdictions the statutes whereof differ materially from our own, or in cases other than actions for partition. We have been cited by appellants and respondents to the case of *Watson* v. *Sutro,* 103 Cal. 169 [37 Pac. 201], wherein in an action for partition in which the parties thereto were represented by opposing counsel and also in which certain parties had engaged in various controversies some of which at least involved their respective claims of title to the property in question and in which the attorney for the plaintiff sought to have allowed and apportioned among said parties certain counsel fees alleged to have been expended for the common benefit, the trial court took testimony as to the reasonable value of the services so rendered by plaintiff's counsel for the common good and made an award and allotment therefor among the parties which it had found respectively entitled to share in the lands divided in proportion to their respective interests therein. This court affirmed upon appeal such award and allowance and in so doing placed an interpretation upon section 796 of the Code of Civil Procedure, which we are constrained to follow in the instant case. We are moved so to do by a consideration of the facts and circumstances which we have set forth in an earlier stage of this opinion and which have reference to the prolonged controversy between the parties to this action respecting the real estate which it was the purpose of this proceeding to partition between them. In the case of *Rossi* v. *Caire,* 174 Cal. 74 [161 Pac. 1161], this court, as we have seen, decided that upon the dissolution of the Santa Cruz Island Company through the forfeiture of its charter the stockholders of said corporation who were the

parties to that action and also to this action became tenants in common of the real estate involved therein. In the later case of *Rossi* v. *Caire*, 186 Cal. 544 [199 Pac. 1042], this court decided that an attempted revivor of said corporation was abortive and that the title and ownership of said real estate had reverted to those who had been the former stockholders of said defunct corporation. The present action was instituted after the decision of this court upon the first of said appeals had become final and after the issues presented by the second of said appeals had been brought to this court for determination but before the rendition of its decision therein. Upon the main decision of this court in the instant case in 189 Cal. 514 [209 Pac. 374], this court expressly approved the conclusion arrived at upon the first of the foregoing appeals to the effect that the parties thereto and to each and all of the subsequent appeals have become tenants in common of said real estate upon the legal death of the Santa Cruz Island Company. Such was the state of things when, following the final decision of that question by this court and following the procedural processes carried forward by the trial court in ordering and making a partition of said property in conformity with our said decision, the plaintiff herein made his motion for the allowance of counsel fees herein under the provisions of section 796 of the Code of Civil Procedure. We are of the opinion that under the foregoing circumstances and in accord with our interpretation of the meaning and intent of said section the plaintiff was entitled to a hearing and determination of his said motion in the trial court and that the action of said court in denying such motion upon the ground stated in the aforesaid second objection urged by the respondents against a hearing thereon was erroneous, and, hence, that in order to the correction thereof upon proper proceedings therefor in the trial court the judgment herein must be reversed.

The second question presented by the appellants herein is entitled, in our opinion, to but brief consideration. It involves an order of the trial court denying a motion made by the defendant and appellant Edmund A. Rossi herein to change and modify the report of the referees herein in the several particulars enumerated in said motion,

The record discloses that upon the going down of the *remittitur* upon the main appeal in this action the trial court proceeded to appoint and properly qualify three referees selected by said court to make partition of the real property in question among the parties entitled thereto and in conformity with the interlocutory decree theretofore made and entered in this action; and that said referees thereupon proceeded with the performance of their duties in conformity with the order of their appointment and with said decree and that having completed their labors they duly made and filed with said court their referees' report. The appellants herein do not challenge in any respect the ability of said referees or of any one of their number, nor do they question the integrity and good faith of said referees in the slightest regard. Their whole contention upon this appeal is the contention that said referees might have made in certain respects a more just and equitable division of certain portions of said properties than they appear to have done and might have provided for more acceptable means of ingress and egress to the property or of roadways extending across the same and making accessible the somewhat infrequent harbors thereon. These, however, were all matters which were primarily the function of the trial court to determine upon the hearing of the report of said referees, and they were each and all presented to the trial court for such determination at the time of such hearing. There is no showing on this appeal of any abuse of discretion on the part of said court in determining these matters adversely to the views of the appellants herein upon the hearing of said motion, and this being so it would seem to be clear that a review of the decision of said court upon the matters involved in said motion upon the conflicting evidence presented before it at the hearing thereon will not be undertaken by this court upon this appeal.

The judgment herein is reversed and the cause remanded to the trial court for further proceedings therein upon the motion of the plaintiff for an allowance of counsel fees, in accordance with the views expressed in this opinion. Upon the hearing and determination of said motion the trial court is hereby directed to include the same and the result thereof in its findings and decree, to be forthwith entered herein,

and to conform otherwise to its former findings and decree and to the views expressed in this opinion. It is so ordered.

Seawell, J., Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.