[Civ. No. 14038.  Second Dist., Div. One.  Dec. 27, 1943.]

GEORGE SOUSA et al., Plaintiffs and Respondents, v. L. F. SINSHEIMER et al., Appellants.

Nelson & Castro and C. P. Kaetzel for Appellants.

Schauer, Ryon & McMahon, George A. Cavalletto, Robert W. McIntyre and Alfred D. Haines for Respondents.

YORK, P. J.—This is an action in partition with respect to four parcels of real property situate in the county of San Luis Obispo, to wit:

1. A group of eight lots in the town of Morro;
2. A 1,204-acre tract, called the "Mountain Ranch";
3. A 193-acre tract, known as "Lot 23";
4. A 755-acre tract, referred to as the "Home Ranch."

Defendant L. F. Sinsheimer had no interest in parcel 1, but owned an undivided 6/44th part of parcels 2, 3 and 4; and defendant Sinsheimer Bros. owned an undivided 4/44ths interest in parcels 1, 2, 3 and 4.

The trial court appointed three referees to sell parcel 1 and to partition the remaining three parcels in kind among the plaintiffs and defendants. Parcel 1 was sold for an aggregate sum of $2,880. The two defendants, L. F. Sinsheimer and Sinsheimer Bros., a corporation, stipulated that any property partitioned to them be set apart to them jointly as tenants in common in the proportion of 3/5ths to L. F. Sinsheimer and 2/5ths to the corporation.

After making its findings of fact, the trial court concluded that the proceeds of the sale of parcel 1 "should be paid by said referees to the clerk of this court to be held subject to the further order of this court."

The interlocutory decree in partition sets out the respective interest of each party in the four parcels of land, and then decrees as follows:

"II. That there are no valid liens or encumbrances against said property, except taxes" against parcels 2, 3 and 4, which, including penalties, amounted to the sum of $1,888.67.

"III. That the services of Messrs. Schauer, Ryon & McMahon, as counsel for plaintiffs, and of C. P. Kaetzel, Esq., as counsel for defendant Sinsheimer Bros., a corporation, and of Albert Nelson, Esq., as counsel for the defendant, L. F. Sinsheimer, together with the plaintiffs' expense of title of the Security Title Insurance and Guarantee Company, costs of partition, compensation of the Referee . . . and costs of the suit of the respective parties are all for the mutual benefit of the owners of said property, and the compensation and costs thereof are by this court adjudged as a lien against said property and the proceeds of sale thereof; that pursuant to stipulation between counsel for plaintiffs and defendants, the court reserves the right to receive proof and make its order in reference to said compensation, costs and expense. . . .

"VII. That said referees are hereby directed to sell said parcel One at public auction to the highest bidder for cash upon notice given in the manner required by law for the sale of real property on execution, and after making said sale said referees are hereby directed to report to the court . . . and that the proceeds of said sale are hereby directed to be paid by said referees to the clerk of this court to be held subject to the further order of this court."

The final judgment of partition makes no order distributing the proceeds of the sale of said parcel 1, but it does (1) confirm the sale thereof for an aggregate sum of $2,880, and (2) partitions parcels 2, 3 and 4 by allotting to the plaintiffs Sousa parcel 2 (the Mountain Ranch), and requires them to pay certain owelties to the other cotenants in order to equalize the partition; allots to defendants Sinsheimer parcel 3 (Lot 23) and 154 acres of parcel 4 (the Home Ranch), and awards to the other plaintiffs the balance of parcel 4, each allotment being made "subject to all liability for delinquent and/or current property taxes thereon and liens therefor," without segregating or stating the specific amount of said taxes accruing against the various allotments. Said judgment also allows referees' fees and expenses totaling $1,096.58, surveyor's fees in the sum of $602.69; fixes the fees of plaintiffs' counsel at $3,230 and the fees of defendants' counsel jointly at $1,000; *adjudges all of said fees and expenses a charge against the "real property described in the complaint and the proceeds thereof,* and *that the same be paid* by the parties hereto receiving partition of said real property, *in the proportion that the partitioned share of each bears to the whole thereof";* and finally awards costs in specified amounts to the parties to the action. (Emphasis added.)

Both defendants, L. F. Sinsheimer and Sinsheimer Bros., a corporation, appeal separately from said final judgment of partition, and by stipulation made for that purpose, said appeals are presented upon one clerk's and one reporter's transcript.

Among the contentions made by appellants, respondents concede that the following three points are well taken and consent to a modification of the judgment with respect thereto, to wit:

1. That the final judgment should provide for allotment

of appellants' respective proportionate interests in the land allocated to them in accordance with their stipulation, i. e., 3/5ths to L. F. Sinsheimer and 2/5ths to Sinsheimer Bros., a corporation.

2. That counsel fees should not have been awarded to the respective attorneys but to the parties to the action for such fees as had been incurred by them, citing section 796 of the Code of Civil Procedure, and *Chavez v. Scully,* 62 Cal.App. 6 [216 P. 46].

3. That it was error to award attorneys' fees to appellants' counsel jointly, because appellants were represented by different attorneys and their liability for such fees was separate and should have been segregated.

In addition to the above points, the corporate appellant claims that when proceeds from the sale of real property in a partition are paid into court, the trial court must adjudge and determine the respective claims of the parties thereto (sec. 774, Code Civ. Proc.); and that since it was entitled to a portion of such proceeds, it "is injured if its portion thereof is confiscated by the judgment to pay expenses of litigation charged to L. F. Sinsheimer, who had no interest in the land sold."

In the same vein, appellant L. F. Sinsheimer urges' that the court erred in making all of counsel fees and costs, and referees' fees and expenses a charge upon his property, thereby burdening him with the fees and expenses incurred for the benefit of parcel 1 in which he had no interest, and that these fees and expenses should have been determined separately and apportioned among the various cotenants (sec. 768, Code Civ. Proc.), in proportion to their respective interests. (Sec. 796, Code Civ. Proc.)

Both appellants also claim, in effect, that the court erred in failing to ascertain and adjudge the amount of taxes due as against each separate allotment.

Section 774, Code of Civil Procedure, provides "When the proceeds of the sale of any share or parcel belonging to persons who are parties to the action, . . . are paid into courts, the action may be continued as between such parties, for the determination of their respective claims thereto, *which must be ascertained and adjudged by the court.* Further testimony may be taken in court, or by a referee, at the discretion of the court, and the court may, if necessary, require such

parties to present the facts or law in controversy, by pleadings, as in an original action.'' (Emphasis added.)

█ As heretofore noted, the final judgment subjects the proceeds of the sale of parcel 1 to the lien for fees and expenses incurred in the instant suit, and directs that such expenses be paid by the parties hereto ''in the proportion that the partitioned share of each bears to the whole.'' Therefore, since appellant L. F. Sinsheimer had no interest in parcel 1, it would appear only just and equitable that the proceeds derived from the sale thereof should be apportioned among the persons entitled thereto, in order that each may ascertain to what extent the lien against his partitioned share of the land is released by such apportionment of said proceeds.

''The expenses of the referees, including those of a surveyor and his assistants, when employed, must be ascertained and allowed by the court, and the amount thereof, together with the fees allowed by the court, in its discretion, to the referees, *must be apportioned among the different parties to the action, equitably.*'' (Sec. 768, Code Civ. Proc.) (Emphasis added.)

''The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, *in proportion to their respective interests therein, and may be included and specified in the judgment.* In that case, they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties. . . .'' (Sec. 796, Code Civ. Proc.) (Emphasis added.)

In accordance with the terms of said code sections, it became the duty of the court to apportion the expenses and charges incurred in, and incident to, this action, among the various cotenants of the partitioned realty in proportion to their respective interests.

In the case of *Capuccio* v. *Caire,* 207 Cal. 200, 208 [277 P. 475], it is stated: ''Assuming that the action for partition was properly brought and that the trial court shall have so determined upon the issues as framed in said action, and having so determined shall proceed to distribute said property or the proceeds thereof among the several persons so

found to be the owners as cotenants of hitherto undivided interests therein, we are of the opinion that the more just and equitable rule to be applied to such cases would require a proper division of the expenditures entailed in the maintenance of such actions for the common benefit among those who shall have been found to be entitled to their respective shares and interests in said property by the ultimate judgment of the court. . . .''

The same rule should be applied to the question of delinquent taxes and the amount thereof accruing as against each separate allotment should be ascertained and apportioned.

It may well be that these various items were not called to the attention of the trial court, because it is obvious from the record herein that the several amounts could easily have been ascertained and apportioned at the time the final judgment was rendered.

For the foregoing reasons, the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Doran, J., and White, J., concurred.