[S. F. No. 19971. In Bank. Feb. 11, 1960.]

WILLIAM BRANCH RILEY, Appellant, v. HALLIE FORD
TURPIN, Respondent.

Hilary H. Crawford and Hilary H. Crawford, Jr., for Appellant.

Russell T. Ainsworth for Respondent.

SCHAUER, J.—In this suit for the partition of real property plaintiff appeals from certain portions of an "Order Allowing Attorneys' Fees to Both Parties." We have con-

cluded that plaintiff's attacks upon such order are without merit, and that it should be affirmed.

Defendant owned a life estate in the subject real property, and plaintiff and defendant owned contingent remainders dependent upon which one of them survived. Plaintiff, by paying real property taxes which were the obligation of the life tenant, was subrogated to the tax lien. He sued for partition. An interlocutory judgment was entered ordering that the property be sold and the proceeds be divided between the parties according to a percentage formula based only on the respective values of their contingent remainders. On appeal by defendant we held, in *Riley* v. *Turpin* (1956), 47 Cal.2d 152, 158 [7] [301 P.2d 834], that "the judgment must be reversed to permit determination, in accordance with . . . sections [Code Civ. Proc., §§ 778 and 779[1]], of the sum to be received by defendant as satisfaction for her life estate."

Following remand and a hearing the trial court on February 15, 1957, by revised findings, conclusions and interlocutory judgment, determined that the value of defendant's life estate was $2,652.79 and ordered that attorneys' fees and expenses of sale be fixed at the time of confirmation of sale. The interlocutory judgment further ordered "That the proceeds of sale shall be applied as follows: *First*" to expenses of sale "and to any attorney's fees allowed by the Court"; "*Second*" to plaintiff's costs; "*Third*: That after payment of the above expenses the proceeds of sale, then remaining, shall be apportioned as follows: To: . . . [defendant] $2,652.79 as the value of her life estate, and then out of any balance which shall then remain . . . (76.59%) thereof shall be paid to plaintiff . . . and . . . (23.41%) subject to deductions hereinafter specified, is allocated for the account of defendant, . . . and that said sum of $2,652.79 and said percentage so allocated to the defendant shall be, and is, surcharged with the sum of $185.56 still . . . unpaid on delinquent taxes . . . *Fourth*: That out of the proceeds of sale above allocated to said defendant . . . the Referee shall pay to the plaintiff the sum of $2,636.80," the amount of plain-

---

[1]Section 778 provides, "The person entitled to a tenancy for life, . . . whose estate has been sold [in partition proceedings], is entitled to receive such sum as may be deemed a reasonable satisfaction for such estate, and which the person so entitled may consent to accept instead thereof . . ." Section 779 provides that if the amount of such reasonable satisfaction is not agreed upon, "at or before a judgment of sale is rendered, the court must ascertain and determine what proportion of the proceeds of the sale, after deducting expenses, will be a just and reasonable sum . . ."

tiff's tax lien, plus interest on such sum.[2] Both the interlocutory judgment and the findings and conclusions were prepared by plaintiff's attorney.

The interlocutory judgment became final without appeal. The property was sold for $16,532 gross. On December 16, 1957, the trial court made the order from which this appeal is taken. In such order the court finds "that reasonable counsel fees incurred by the plaintiff and [the] defendant herein have been for the common benefit," and that $2,000 is a reasonable sum to be allowed to each party for such fees. The order awards $2,000 to each party and further provides that the total $4,000 attorneys' fees "shall be paid by the parties hereto in proportion to their respective interests in the property, and the proceeds of sale thereof *as determined and allocated by the interlocutory judgment in partition.*" (Italics added.) The parties in their briefs agree that the effect of the italicized portion of the order is to award defendant $2,652.79, the value of her life estate, free of any charge for attorneys' fees.

Plaintiff's appeal is from only the portion of the order which allows defendant her attorney's fees and the portion which charges all attorney fees only to the contingent remainder interests of the parties and fails to charge the value of defendant's life estate with a proportion of such fees.

As grounds for reversal plaintiff first contends that the services of defendant's counsel were not for the "common benefit" as required by the provisions of section 796 of the Code of Civil Procedure, and that therefore the court erred in allowing fees for such counsel. Section 796 declares that "The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants, for the common benefit . . . must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment . . . When, however, litigation arises between some of the parties only, the court may require the

---

[2] The conclusions of law upon which the interlocutory judgment rested also declared "That the proceeds of sales should be devoted first to payment of the . . . costs of this action, including any attorney's fees that the Court may see fit to award to the attorney for the plaintiff, and to the attorney for the defendant, . . . and . . . the Referee's fees, all of which said fees shall be fixed at the time of confirmation of sale," and that after payment of such costs and fees the balance should be allocated first to payment of defendant's life estate and then to the contingent remainder interests of the parties.

expense of such litigation to be paid by the parties thereto, or any of them.''

More particularly, plaintiff points out that until our decision on the first appeal (*Riley* v. *Turpin* (1956), *supra,* 47 Cal. 2d 152) and as shown by the opinion in that case, defendant resisted partition, with the claim that plaintiff had no interest in the subject property, that it belonged to defendant alone, and that plaintiff was a mere volunteer in paying the delinquent taxes. Thus, urges plaintiff, the services rendered by defendant's attorney were for defendant's benefit alone and not for the common benefit. Regardless of the plausibility such contention might otherwise appear to possess it is without merit in the circumstances of this case. In *Capuccio* v. *Caire* (1932), 215 Cal. 518, 528-529 [1] [11 P.2d 1097], this court first quoted as follows from its opinion on an earlier appeal in the same litigation (*Capuccio* v. *Caire* (1929), 207 Cal. 200, 208 [3] [277 P. 475, 73 A.L.R. 8]) : "Assuming that the action for partition was properly brought and that the trial court shall have so determined upon the issues as framed in said action and having so determined shall proceed to distribute said property or the proceeds thereof among the several persons so found to be the owners as cotenants of hitherto undivided interests therein *we are of the opinion that the more just and equitable rule to be applied to such cases would require a proper division of the expenditures entailed in the maintenance of such actions for the common benefit among those who shall have been found to be entitled to their respective shares and interests in said property by the ultimate judgment of the court, regardless of whether or not there had arisen and been litigated controversies either over the question as to whether or not the parties to the action were cotenants or over the extent of their respective interests as such in the property thus sought to be divided.*'' (Italics added in second Capuccio case.)

 In the second Capuccio case the court then continued (p. 528 of 215 Cal.) : "By this language, it was our intention to declare that counsel fees may be allowed under the provisions of section 796 of the Code of Civil Procedure for services rendered for the common benefit even in contested partition suits,'' and pointed out that the exception stated in the last sentence of section 796 applies only where controversial litigation arises between *some* of the parties only (rather than among *all* parties), in which case the court may require the expense of such litigation to be paid by only the parties

thereto. (See also *Randell* v. *Randell* (1935), 4 Cal.2d 575, 582 [5] [50 P.2d 806].)

 Plaintiff and defendant were the only parties to the present partition litigation, all controversies were between themselves alone, the court allowed counsel fees in the same amount to each party, and it appears that the allowance of such fees to defendant was authorized equally with the allowance of counsel fees to plaintiff. In *Stewart* v. *Abernathy* (1944), 62 Cal.App.2d 429, 432-433 [144 P.2d 844], relied upon by plaintiff, the lien holder who sought an allowance of counsel fees had no ownership in the property partitioned, and in *Williams* v. *Miranda* (1958), 159 Cal.App.2d 143, 158 [11b] [323 P.2d 794], which plaintiff also cites, the court held that although plaintiff's action purported to be one in partition, it developed into a proceeding of a different nature. Consequently the holdings that services rendered by counsel in those cases were not for the common benefit have no persuasive effect on the present issues.

 Plaintiff also urges that the services rendered by defendant's attorney ''were not equal in amount or value to those performed by plaintiff's attorney.'' It may be at once conceded that the evidence would amply support such a factual determination by the trial court. But we are not the triers of fact. Furthermore, as pointed out by defendant, plaintiff does not contend that the services of defendant's attorney were not reasonably worth the sum allowed by the court; rather he appears, in effect, to complain that plaintiff should himself have been allowed more—on the assertion that his attorney's services were greater in amount and value. Plaintiff did not appeal from the allowance in his favor, however, and the reasonable value of neither his services nor those of counsel for defendant is properly an issue on this appeal. In any event, plaintiff's attorney testified in some detail as to the services which he had rendered, as did the attorney for defendant, who also summarized his services with the statements that he had appeared at every hearing at which plaintiff's counsel had appeared and that ''I think every service that . . . [plaintiff's counsel] has performed I have likewise performed, and taken the same time.'' Further, the files and the briefs on the former appeal were also before the trial court. In the circumstances a reviewing court is bound to conclude that the findings as to the reasonable value of the services of respective counsel are amply supported by the record.

■ Plaintiff next urges that the order appealed from ''is erroneous in adjudging that defendant's life estate shall bear no part of the expenses of the partition suit.'' Regardless of whether or not plaintiff's view is correct, the question of the manner of allocation of attorneys' fees was no longer an open one at the time the court made the order fixing such fees. As already related, the issue of allocation of fees was determined by the interlocutory judgment of February 15, 1957, which became final without appeal. That judgment awarded defendant the value of her life estate free of any charge for attorneys' fees, and is res judicata on the matter. It is not reviewable as to any alleged errors, on appeal from any subsequent judgment or order. (See *Oliver* v. *Sperry* (1934), 220 Cal. 327, 329-330 [2] [30 P.2d 402] ; *Pista* v. *Resetar* (1928), 205 Cal. 197, 199 [1] [270 P. 453] ; *Holt* v. *Holt* (1901), 131 Cal. 610, 611-612 [63 P. 912] ; *Raisin Investment Co.* v. *Magginetti* (1952), 109 Cal.App.2d 163, 164 [1] [240 P.2d 349].) It follows that on the present appeal, the matter of allocation of attorneys' fees may not be raised.

■ Further, as already mentioned, the interlocutory judgment and the findings and conclusions on which it is based, were prepared by plaintiff's own attorney. Also, at the court hearing prior to the preparation of such findings, conclusions and judgment, plaintiff's counsel agreed that ''the expenses of the sale, including the Referee's fees ; next the attorneys' fees to be determined as of the time of confirmation . . . comes off the top.'' And at a hearing to determine the amount of the fees, after the interlocutory judgment had become final without appeal, the court and counsel for both parties expressly conceded that ''we all agreed these fees will have to come off the top.'' Plaintiff is thus not in a position to complain of the fact that, in accordance with the interlocutory judgment and the agreements made in open court, the order from which he appeals allocated the legal expense for payment ''off the top.'' (See *Lynch* v. *Birdwell* (1955), 44 Cal.2d 839, 846 [3] [285 P.2d 919], and authorities there cited ; *Cucinella* v. *Weston Biscuit Co.* (1954), 42 Cal.2d 71, 74-75 [2] [265 P.2d 513] ; *People* v. *Ocean Shore Railroad* (1948), 32 Cal.2d 406, 429 [40] [196 P.2d 570, 6 A.L.R.2d 1179].)

For the above stated reasons the portions of the order from which plaintiff appeals are affirmed.

Gibson, C. J., Traynor, J., Spence, J., McComb, J., Peters, J., and White, J., concurred.