[Sac. No. 4789. In Bank.—March 1, 1934.]

J. D. OLIVER, Plaintiff, v. FRANK A. SPERRY et al., Defendants; CARRIE EVELYN SPERRY et al., Respondents; MARIE C. CARPENTER, as Executrix, etc., Appellant.

328

A. H. Carpenter and Frederick L. Fenton for Appellant.

Louttit, Marceau & Louttit, George E. Frioux and Edward E. Breitenbucher for Respondents.

SHENK, J. — J. E.. Oliver, the surviving husband of Harriet A. Oliver, deceased, brought this action to partition

certain real property in San Joaquin County owned in part by the deceased wife in her lifetime. An interlocutory decree was entered which determined the right of the respective parties and ordered partition as follows: One-fourth interest to J. E. Oliver; one-fourth interest to Charles Elmer Miller, son by a former marriage and only surviving issue of Harriet A. Oliver, deceased; and one-half interest to Carrie Evelyn Sperry. Charles Elmer Miller appealed from the interlocutory decree, contending that Harriet A. Oliver had no interest in the property, and that as a consequence the surviving husband had no interest. The interlocutory decree was affirmed. (*Oliver v. Sperry,* 97 Cal. App. 27 [274 Pac. 1030].) The referees appointed by the court in the interlocutory decree filed their report dividing the property in accordance with the terms of the interlocutory decree. Thereafter A. H. Carpenter was permitted to intervene and set up an assignment to him of the interest of Charles Elmer Miller. The report of the referees was confirmed and a final judgment in partition was entered wherein property representing a one-fourth interest was allotted to Carpenter; property representing a one-half interest was allotted to Carrie Evelyn Sperry; and property representing a one-fourth interest as allotted to Minnie Bruse Oliver, executrix of the last will and testament of J. E. Oliver, deceased. Carpenter has appealed from the final judgment on the judgment-roll alone, claiming error in those portions of the final judgment, (1) which set apart a one-fourth interest in the property to Minnie Bruse Oliver, as executrix; (2) which determined that Carpenter was bound to pay certain charges which were a lien on the interest of Charles Elmer Miller, his assignor, and his proportion of attorney's fees and costs; and (3) which determined that J. E. Oliver was entitled to commence the action.

■ Considering the last point first: Upon the death of his wife, J. E. Oliver was vested with an interest in the property. (Sec. 1386, subd. 1, Code Civ. Proc., sec. 221, Prob. Code.) On the record presented he was such owner as a tenant in common with the other owners. He was therefore authorized to commence the action under section 752 of the Code of Civil Procedure. ■ Furthermore, this question and the question of the interests of the re-

spective parties were finally adjudicated by the interlocutory decree. (*Pista* v. *Resetar*, 205 Cal. 197 [270 Pac. 453].) Only such matters may be reviewed on appeal from the final judgment as have intervened subsequent to the rendition of the interlocutory decree. (*Gutierrez* v. *Hebberd*, 106 Cal. 167 [39 Pac. 529].)

As to assignment No. 1, the record shows that J. E. Oliver died after the interlocutory decree became final but before the final decree was entered. The executrix was duly substituted in his place, and the interest of J. E. Oliver allotted to her as executrix. Carpenter attempts to base his claim of error on the rule that an executor or administrator of the estate of a deceased owner has not such interest in the land as to entitle him to institute partition proceedings. (See *Ryer* v. *Fletcher Ryer Co.*, 126 Cal. 482 [58 Pac. 908].) But that rule does not apply where the proceeding is properly commenced and the executor or administrator of the deceased plaintiff is substituted into the case. In the event of the death of a party the proceedings are not "delayed or suspended", and the legal representatives may come in by substitution. (Sec. 763, Code Civ. Proc.)

Assignment of error No. 2 is also without merit Prior to the acquisition by Carpenter of the interest of Miller, the defendant Carrie Evelyn Sperry acquired by assignment two judgments against Miller. According to the record here presented these judgments were liens against Miller's interest in the land before Carpenter acquired such interest. The court made the allotment to Carpenter subject to these liens. Miller's interest was subject to them and they could not, of course, be removed by his voluntary assignment to Carpenter. In other words, Carpenter acquired only the interest which Miller had (sec. 766, Code Civ. Proc.), and he took the burdens with the benefits.

The proportionate share of the attorney's fees and costs was properly chargeable to Carpenter. (Sec. 796, Code Civ. Proc.)

The judgment is affirmed.

Thompson, J., Curtis, J., Langdon, J., Preston, J., Waste, C. J., and Seawell, J., concurred.