Filed 2/23/24  Cadena v. Castillo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IRENE CADENA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NYKA CASTILLO,<br><br>    Defendant and Appellant. | B320823<br><br>(Los Angeles County<br>Super. Ct. No.<br>YC072942) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Spierer, Woodward, Corbalis & Goldberg, Stephen B. Goldberg, and Austin I. Trickey for Defendant and Appellant.

Klapach & Klapach and Joseph S. Klapach for Plaintiff and Respondent.

Defendant and appellant Nyka Castillo (Nyka) appeals from a final judgment in a partition action concerning real property she and her mother, plaintiff and respondent Irene Cadena (Irene), inherited from Nyka's father and Irene's husband, Gonzalo Castillo (Gonzalo). Pursuant to the terms of a settlement agreement between Irene and Nyka, which were incorporated into an earlier interlocutory judgment in the partition action, the final judgment awarded Irene $172,000 in penalties for Nyka's delay in moving out of the home on the property prior to its sale. We consider whether Nyka can now challenge the penalty provision giving rise to this award notwithstanding her failure to challenge the interlocutory judgment.

## I. BACKGROUND

Prior to his death, Gonzalo established a trust that included among its assets an ocean-view home located in Redondo Beach, California (the property). The trust included a bequest of the property to Irene and Nyka upon his death. In 2017, following Gonzalo's death, Irene, as successor trustee, deeded the property to herself and Nyka as joint tenants. A dispute over the property ensued.

### A.     *The Parties Settle Their Dispute*

In 2018, Irene sued Nyka for ouster, ejectment, and partition of land by sale. In her complaint, Irene alleged Nyka took possession of the property following Gonzalo's death and refused to allow her access to and enjoyment of the property or, in the alternative, to agree to a rental or co-tenancy agreement. Irene alleged further that the fair rental value of the property

2

was $6,000 per month or approximately $200 per day. Nyka generally denied the allegations of the complaint and alleged Irene abused her powers as successor trustee.

In January 2020, shortly before the final status conference, the parties settled their dispute following a 12-hour mediation. The parties' agreement was memorialized in a "deal points" writing endorsed by the parties at the conclusion of the mediation (the settlement agreement). Although the parties intended to prepare a more formal settlement document later, they agreed the initialed and signed deal points would be "binding and enforceable" pursuant to section 664.6 of the Code of Civil Procedure.[1]

The settlement agreement provided Nyka could continue to reside at the property until April 2, 2020, when the property would be listed for sale. In the event Nyka continued to reside at the property beyond April 2, 2020, the parties also agreed that "a penalty of $500 per day shall be assessed against her, which shall be paid to [Irene] from [Nyka's] share of the [property] sales proceeds." The settlement agreement further provided that Irene would pay $10,000 to Nyka from a reserve being held in trust for

---

[1]     In pertinent part, that statute provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Code Civ. Proc., § 664.6, subd. (a).)

Undesignated statutory references that follow are to the Code of Civil Procedure.

3

her and that "time was of the essence" with regard to that payment. (Irene gave Nyka a check for that amount at the conclusion of the mediation.)

After the mediation and execution of the settlement agreement, Nyka served Irene with a "Notice of Settlement of Entire Case." The parties thereafter advised the trial court of the settlement and the court vacated the final status conference (which had been set to occur that day) and scheduled an order to show cause hearing regarding dismissal (the OSC hearing) instead.

> B.     *The Trial Court Enters an Interlocutory Judgment*
> *Incorporating the Settlement Agreement's Overstay*
> *Penalty Provision and Nyka Does Not Seek Appellate*
> *Review*

In the weeks following the mediation, Nyka refused to sign a more formal settlement document that her attorney prepared and that Irene had signed. Nyka fired her attorney, refused to agree on a real estate broker to handle the property's sale, rejected out-of-hand unsolicited purchase offers, and refused to vacate the property. Ultimately, Nyka informed Irene's attorney that the property was "not for sale."

In advance of the OSC hearing, Irene moved to enforce the settlement agreement. Irene argued the parties' settlement agreement was enforceable pursuant to section 664.6 and asked the court to enter an interlocutory judgment incorporating the terms of the settlement and appointing a receiver to sell the property and distribute the proceeds. In a separate filing, Irene also opposed any dismissal of the case in light of Nyka's refusal to comply with the parties' settlement agreement. In her filings,

4

Irene made repeated reference to the settlement agreement's $500 per day penalty provision if Nyka were to overstay past April 2, 2020.

Nyka, representing herself, responded by filing a "Request to Uphold Dismissal and Vacate the Settlement Agreement." She argued Gonzalo never intended for Irene to inherit any part of the property and was made a trust beneficiary only to protect Nyka's interest in the property. As for the settlement agreement, Nyka argued she signed it because she had been misled by her former attorney, by Irene, and by Irene's attorney. Nyka further revealed that when she signed the settlement agreement at the mediation she had "no intention" of complying with it and signed "only to get the $10,000 advance" and retain different counsel because her attorney at the time was "urging [her] toward failure." Nyka's filing seeking vacatur of the settlement agreement did not address the reasonableness or enforceability of the settlement agreement's penalty provision.

The trial court heard argument and granted Irene's motion to enforce the settlement agreement. The court also found Nyka had not provided any "competent facts or applicable authority to vacate the settlement agreement and/or substantively oppose" the motion to enforce.

Three weeks later, in February 2021, the trial court entered an "Interlocutory Judgment of Partition and Appointment of Court Referee." Among other things, the interlocutory judgment provided as follows: "Beginning April 3, 2020, [Nyka] will pay to [Irene] a penalty of $500 per day of residence until she vacates the property, to be paid from [Nyka's] share of the sale proceeds." Although the Code of Civil Procedure makes such an interlocutory judgment in a partition action

5

appealable (§ 904.1, subd. (a)(9)), Nyka did not appeal from the interlocutory judgment, which became final on August 16, 2021.

> ### C. *The Trial Court Enters a Final Judgment Distributing the Balance of the Proceeds from the Sale of the Property*

After the property was sold, the trial court approved disbursements from the sale proceeds to the partition referee ($12,088.86), Irene ($808,084.84), and Nyka ($668,251.72). With those disbursements made, a balance of $244,229.41 was left and the court still had to consider the question of the $172,000 penalty called for by the interlocutory judgment.[2]

Irene moved for an order disbursing the $172,000 to her. She argued Nyka could not contest payment of the penalty because the trial court made it part of the interlocutory judgment and Nyka did not challenge the interlocutory judgment on appeal. Irene additionally argued that even if the penalty provision of the interlocutory judgment were not considered binding, the $500 per day penalty provision should still be enforced because it was not an improper liquidated damages clause. In a supporting declaration, Irene asserted the penalty provision was included in the settlement agreement as "an incentive" for Nyka to move out as soon as possible so that the

---

[2] According to the partition referee's report, Nyka vacated the property on March 12, 2021, 344 days after the move-out date provided in the settlement agreement (344 days x $500/day = $172,000). The remaining $72,229.41 in undisbursed funds from the sale proceeds represented unpaid legal fees claimed by Nyka's former attorney.

6

property could be sold and the proceeds distributed to her and Nyka.

Nyka, now represented by a different attorney, opposed the motion to disburse the $172,000 to Irene.[3]  Nyka argued the penalty provision was unenforceable because the amount of the penalty had "no reasonable relationship to the actual damages Irene incurred as a result of [Nyka] continuing to stay [at] the property."  She also argued Irene had not shown any damages as a result of Nyka's extended occupation of the property (noting that the value of the property increased during Nyka's extended stay).  Nyka additionally emphasized her stay beyond the April 2, 2020, deadline was attributable to the COVID-19 "lockdown," which prevented her from finding and moving to a new residence.[4]

The trial court issued an order granting the motion and directing disbursement of $172,000 to Irene.[5]  The court found Nyka could not challenge payment of the penalty because the interlocutory judgment authorized the agreed-upon penalty and there was "no showing that any party filed a timely appeal or challenge to th[at] judgment."

---

[3]     Nyka's opposition was not supported by declarations or other evidence.

[4]     Nyka's April 12, 2023, motion for judicial notice is granted.

[5]     Because Nyka did not oppose disbursement of the unpaid legal fees and because the amount owed was the subject of a judgment in a separate case, the trial court also ordered the remaining balance of $72,229.41 disbursed to Nyka's former attorney.

The trial court subsequently entered a final judgment of partition, from which Nyka now appeals.

## II.  DISCUSSION

Nyka's appeal fails for the reason already articulated by the trial court.  The time to challenge the penalty provision was before the interlocutory judgment became final.  Once the deadline passed for Nyka to appeal the interlocutory judgment, its provisions became conclusive as to all issues it resolved, including the issue of penalties for Nyka if she overstayed her agreed-upon residency at the property.

Partition actions are governed by section 872.010 and the sections that follow.  Pursuant to section 872.720, subdivision (a), "[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition."  As already mentioned, an interlocutory judgment in a partition action is appealable.  (§ 904.1, subd. (a)(9); *Richmond v. Dofflemyer* (1980) 105 Cal.App.3d 745, 753 ["In an action for partition, an interlocutory judgment determining the rights and interests of parties and directing that partition be made has been made expressly appealable by Code of Civil Procedure section 904.1"].)

Our Supreme Court has long held that an interlocutory judgment in a partition action becomes final and conclusive once the time to appeal it has expired.  (See, e.g., *Riley v. Turpin* (1960) 53 Cal.2d 598, 604 [in a partition action where the interlocutory judgment became final without appeal, the interlocutory judgment was "not reviewable as to any alleged

8

errors, on appeal from any subsequent judgment or order"]; *Oliver v. Sperry* (1934) 220 Cal. 327, 329-330 ["the question of the interests of the respective parties [in the property] were finally adjudicated by the interlocutory decree. [Citation.] Only such matters may be reviewed on appeal from the final judgment as have intervened subsequent to the rendition of the interlocutory decree"]; *Pista v. Resetar* (1928) 205 Cal. 197, 199 ["[a]n interlocutory decree in an action for the partition of real property, although preliminary to the final judgment of confirmation, is conclusive as to the matters determined therein"]; *Holt v. Holt* (1901) 131 Cal. 610, 611-612 [an "interlocutory decree of partition . . . is a final judgment, certainly, as to all questions determined in it"].) Court of Appeal case law is, naturally, in accord. (See, e.g., *Raisin Investment Co. v. Magginetti* (1952) 109 Cal.App.2d 163, 164 ["Assuming then the court erred as indicated, we come to the question whether the court had the power to amend the interlocutory judgment after it became final. We think it clear that the court was possessed of no such power. Time and again it has so been ruled in this state"].)

Because the basis for the trial court's disbursement of $172,000 to Irene in the final judgment was the penalty provision in the interlocutory judgment, and because that provision went unchallenged and became final, Nyka's belated arguments against the reasonableness and enforceability of the provision lack merit. (*Nevarov v. Nevarov* (1955) 133 Cal.App.2d 457, 458, 461 [rejecting, in an appeal from a final judgment in a partition action, the argument that a provision in an interlocutory judgment ordering them to vacate the property or pay a pre-set fixed amount in rent was "unauthorized and void" because appellants failed to raise that argument in their prior appeal

from the interlocutory judgment].) *City of Gardena v. Rikuo* (2011) 192 Cal.App.4th 595, the sole case Nyka's opening brief cites in an effort to argue the contrary, is inapposite. That case involved an eminent domain action, not a partition action (*id.* at 598), and it does not discuss, distinguish, or urge a departure from the myriad cases establishing the finality of uncontested interlocutory judgments in partition actions.

Finally, Irene asks us to sanction Nyka for pursuing a frivolous appeal. We deny the request. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651 [holding a meritless appeal is not by definition frivolous and the power to impose sanctions for prosecuting frivolous appeals "should be used most sparingly to deter only the most egregious conduct"]; accord, *Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 660-661 ["Meritless is not the same as frivolous"].)

## DISPOSITION

The judgment is affirmed. Respondent Irene Cadena shall recover her costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.                                KIM, J.


10