Filed 12/8/25  Seaboard v. Cloutier CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SEABOARD, INC., | |
| Plaintiff and Respondent, | E082180 |
| v. | (Super.Ct.No. CIVDS1927199) |
| JOHN F. CLOUTIER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin and Winston Keh, Judges.  Dismissed in part; affirmed in part; reversed in part, and remanded with directions.

John F. Cloutier, in pro. per., for Defendant and Appellant.

Cumming & Associates, William Cumming; Jeff Lewis Law, Jeffrey Lewis and Kyla Dayton, for Plaintiff and Respondent.

Defendant and appellant John F. Cloutier and plaintiff and respondent Seaboard, Inc. were owners of a two-unit residential real property in San Bernardino County;

1

Cloutier owned one-third and Seaboard owned two-thirds.  Seaboard initiated this partition action, and the property was sold.  The trial court authorized the distribution of the proceeds from the sale and awarded attorney fees and costs to Seaboard.

Cloutier appeals contending the trial court (1) erred in awarding attorney fees (past and future) in an interlocutory judgment without finding they were for the common benefit and not in proportion to ownership; (2) erred in granting the motion to allocate the sale proceeds as uncontested; (3) erred in denying Cloutier's motion to set aside the order allocating the sale proceeds (Code Civ. Proc.,[1] § 473, subd. (b)); and (4) erred in "not reviewing the calculations and allowing relief not in the notice of motion."[2]  Seaboard moves to dismiss the appeal from any orders entered prior to July 20, 2023, as untimely, and the appeal of the July 20, 2023, order based on Cloutier's failure to timely oppose the motion to allocate the sale proceeds.  We dismiss the appeal as to the 2021 orders, and consider the appeal of the July 3 and 20, 2023, orders only.  After considering Cloutier's claims, we agree the court erred in its calculations.

## I.  PROCEDURAL BACKGROUND AND FACTS

In April 2019, Seaboard purchased a two-thirds interest in a two-unit residential real property located in Yucaipa, California, commonly known as 12306 and 12322 Bryant Street (the Property).  Seaboard co-owned the Property with Cloutier, who held

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

[2]  Judge John M. Tomberlin executed the February 21, 2021, interlocutory judgment for partition and sale.  Judge Winston Keh granted Seaboard's motion to allocate the sale proceeds after deeming Cloutier's opposition to be untimely.

2

the remaining one-third interest.  Seaboard expended funds for the common benefit of the parties to maintain, clean, and repair the Property, along with paying taxes, insurance, and code enforcement violations.

*A.  Initiation of Partition Action.*

On September 11, 2019, Seaboard filed a complaint for partition by sale and accounting against Cloutier; he was served on November 30.  Cloutier failed to file a response to the complaint, and his default was entered on January 2, 2020.  Four days later, the court set aside Cloutier's default pursuant to stipulation of the parties.

On November 17, 2020, Seaboard moved for the appointment of a partition referee; no opposition was filed.  In December, both parties informed the trial court that they agreed to sell the Property but could not agree on the terms of the sale.  The court encouraged the parties to continue working toward a resolution without judicial intervention.  When no resolution was obtained, on January 20, 2021, the court granted Seaboard's motion and appointed Matthew L. Taylor as partition referee (referee).  Cloutier attended the hearing and stated "that he did not object to selling the property." That same day, he filed an answer to the complaint.

*B.  Judgment for Partition and Sale of the Property.*

On February 5, 2021, the court entered an interlocutory judgment for partition and sale of the Property.  However, on March 5, the clerk's minutes state:  "Court Judgment is returned by the Court for the following reasons:  [¶]  Defendant Cloutier filed an answer on 1/20/21."  Nonetheless, the matter proceeded with the referee taking actions to sell the Property; Cloutier raised no objections.

One year later, on February 7, 2022, the referee applied, *ex parte*, for confirmation of the sale of the Property in the amount of $366,000 pursuant to the parties' stipulation. The trial court granted the application, and the referee sent notice to the parties. The Property was sold on or about March 15, 2022.

C.  *Referee's Report and Recommendation.*

On August 1, 2022, the referee informed the trial court that he was holding $336,035.61 in proceeds from the sale. He recommended the court approve payment of the following claims: (1) professional fees and costs to referee; (2) $12,176.28 to Seaboard for expenses incurred in managing and repairing the Property; (3) $11,667.10 attorney fees and costs to Seaboard (50 percent of the recommended $23,354.20 to reflect a prior court order on 50/50 allocation of attorney fees and costs rather than division based on ownership percentage); (4) $22,666 (1/3 of collected rent) deducted from Seaboard's recovery and added to Cloutier's share of the sale proceeds; and (5) $1,166 (one-third of $3,500 security deposit held by Seaboard) deducted from Seaboard's recovery and added to Cloutier's share of the sale proceeds. The referee stated that "[s]ince the reimbursement of money [in] this section reflects money previously paid directly to Seaboard and held by Seaboard, it would not be paid from the gross sale[] proceeds but would be reimbursed from Seaboard's exclusive share of the sale[] proceeds." The referee deposited $313,206.61 with the court.

D.  *Cloutier's Motion to Clarify/Vacate the Interlocutory Judgment.*

On October 5, 2022, Cloutier filed two motions, one for leave to file counter claims and add cross-defendants, and the other to clarify "that the order entered on 2/5/21

[the interlocutory judgment for partition and sale of the Property] was vacated, and if not, to vacate it." He claimed the trial court "mistakenly signed [Seaboard's] proposed order for an Interlocutory Judgment for Partition and Sale" based on its "mistaken belief that an answer had not been filed." He pointed out that at a conference held on April 6, 2021, the judge reiterated that "he had mistakenly signed the order believing an answer had not been filed and then returned the order on 3/5/21 when his mistake was realized." Cloutier argued the order dated February 5, 2021, was vacated, and Seaboard was not entitled to the benefits of that order.

In support of his motion, Cloutier submitted a declaration. He stated he originally purchased the Property in 1983 with two other Air Force officers, and was involved in its "rehab," "personally [doing] most of the work," and after "1988 until 2000 . . . d[oing] all of the tasks described." By 2019, the Property needed renovating, repairing termite damage, painting, and replacing flooring and carpeting. He received notice in April 2019 that Seaboard had purchased his partners' two-thirds interest and wanted to buy his. According to Cloutier, Seaboard kept 100 percent of the rental income, claimed expenses greater than income, and sought to purchase his share for less than fair market value. He had no objection to selling the Property and appointing Mr. Taylor as referee.

Cloutier was aware the Property had been sold for $366,000 and the referee had set a schedule for the parties to submit reimbursement claims. He challenged Seaboard's claims as being fraudulent and noted it failed to provide a credit for rents received. As a result of his challenge, Seaboard withdrew $20,043.49 in claims.

*E.  Seaboard's Opposition to Cloutier's Motion to Clarify/Vacate.*

Seaboard opposed both of Cloutier's motions and sought judicial notice of various documents in support thereof.  The evidence offered shows that in July 2019, Cloutier informed Seaboard's attorney that he was agreeable with Seaboard renovating the Property and selling it for a profit; however, when he failed to sign and return the renovation and sale agreement (the Agreement), he was informed that Seaboard would be initiating the partition action and requested that he "accept service of the complaint through . . . Notice of Acknowledgement of Receipt."  On September 10, Seaboard's counsel informed Cloutier that the partition action had been initiated and he "should be served shortly."  Cloutier returned the Agreement with changes; however, since the complaint had been filed, Seaboard's counsel stated it would not be dismissed, but the parties should "sign a stipulated judgment to sell the [P]roperty and to allocate costs as agreed to between the parties[ because t]his is the fastest and most economical way to sell the [P]roperty and keep the fees low."  Again, Seaboard's counsel attached a notice and acknowledgment of receipt with a copy of the summons and complaint and asked Cloutier to sign and return it by September 18.

Subsequently, a process server made several attempts to serve the summons and complaint on Cloutier.  On October 23, 2019, Cloutier claimed Seaboard's counsel "never got back to" him, but he was "not against an agreement to move the sale along in a timely fashion."  Two days later, Seaboard's counsel replied, "I suppose the clients are open to taking steps to maximize the profit from the sale of the property, but at the same time they want to sell the property quickly.  [¶] . . . You are not contributing financially to any

6

of this work. The burden is 100% on my clients and candidly you have been MIA and nonresponsive. . . . [¶] We need to get a court order to sell the property and not being able to serve you and your unwillingness to accept service from me has delayed this process and is costing everyone more money." On October 24, Cloutier stated that he was "happy to get this process done" and "should be more responsive now." On November 15, Seaboard's counsel outlined the attempts to serve the summons and complaint and, again, attached the notice of acknowledgment of receipt. Cloutier was served on November 30, 2019.

*F. Hearing on Cloutier's Motions.*

On January 11, 2023, the trial court denied both of Cloutier's motions. It denied the motion to clarify/vacate the interlocutory judgment on the grounds the March 5, 2021, clerk's minutes ("'Court Judgment is returned by the Court [because] Defendant Cloutier filed an answer on 1/20/21'") "appear[] to be a rejection of [Seaboard's] default prove-up packet, not an order vacating the interlocutory judgment." Cloutier's motion for leave to file counterclaims was denied because "(1) leave of court is not required as to some of the proposed cross-defendants; and (2) [Cloutier] did not submit a copy of the proposed cross-complaint." Seaboard sent notice of the rulings on January 13, 2023.

*G. Allocation of Sale Proceeds.*

On March 21, 2023, Seaboard moved to allocate the sale proceeds. Cloutier submitted a response on April 21. He objected, claiming "[t]his is not a partition action but a fraudulent attempt to steal Cloutier's equity in the [P]roperty and rental income, which now includes this partition action." He asserted an award of attorney fees in an

7

interlocutory judgment is improper, the referee is wrong that Seaboard's attorney fees are automatically for the common benefit, he will not stipulate to the referee's allocation of funds, and he disputed the allocation of rental income. Following the hearing on April 24, 2023, the trial court deemed Cloutier's response untimely and granted the motion.

*H. Cloutier's Motion to Set Aside the Trial Court's Orders.*

On May 22, 2023, Cloutier moved to set aside the trial court's "orders of 4/24/2023" under section 473, subdivision (b). He argued he was unfamiliar with the time deadlines for oppositions to motions, had contacted an attorney to represent him, and had thought he had more time to file his opposition when the hearing was continued. Cloutier explained that he had decided to hire a California attorney (Aaron Fairchild) to assist him, but when the case management conference was moved, he thought that meant "he would not have to finish the response that day and that he . . . could have that filed anytime before the 24th." He added that he failed to timely provide Fairchild with payment to engage his services, and when he provided payment, Fairchild mentioned the response was late.

Seaboard opposed the motion on the grounds Cloutier failed to attach or reference the proposed pleading to be filed, and the evidence is insufficient to establish the required mistake, inadvertence, surprise, or excusable neglect. On July 3, 2023, the trial court denied the motion, finding (1) it is essentially an untimely motion for reconsideration that fails to raise any new or different facts, circumstances or law support relief, (2) Cloutier failed to submit a proper supporting declaration, instead attaching a verification signed in Illinois and an affidavit executed in Illinois, both of which failed to reference California,

8

(3) he failed to attach a copy of his proposed opposition, (4) he failed to establish excusable neglect, and (5) he was told by a California attorney that his opposition was due by April 11.

Seaboard prepared the order regarding the allocation of sale proceeds, and on July 20, 2023, the court signed it, awarding $270,758.01 to Seaboard and $42,448.60 to Cloutier.

Cloutier appeals (1) the January 20, 2021, order and February 5, 2021, interlocutory judgment awarding attorney fees and costs prior to the end of the case, (2) the April 24, 2023, order granting Seaboard's motion to allocate the proceeds from the sale of the Property, (3) the July 3, 2023, order denying his motion for relief based on excusable neglect, and (4) the July 20, 2023, order representing the final judgment.

## II. DISCUSSION

### A. Motion to Dismiss.

Seaboard argues this appeal should be dismissed (1) as to the January 20, 2021, order appointing the partition referee and February 5, 2021 interlocutory judgment because it is untimely, (2) as to the July 3, 2023, order denying Cloutier's motion for relief from failure to file an opposition to Seaboard's motion to allocate costs, fees, and sale proceeds because it is untimely, and (3) as to the July 20, 2023, order allocating costs, fees, and sale proceeds because Cloutier failed to timely oppose Seaboard's motion for such allocation.

In response, Cloutier argues that regarding the January 20, 2021, and February 5, 2021, orders, he is not appealing the "determination of the rights and interests in the real

9

estate of the parties, or the order for a partition sale." Rather, he is appealing "the provisions in the order where [Seaboard] would be entitled to all of [its] future attorney fees and costs, without any determination that they were for the common good, as well as other things . . . not properly in such an interlocutory order." Regarding the July 3, 2023, order denying his motion for relief, he asserts his appeal from the final judgment permits this court to review a prior nonfinal order that led to the final judgment. And, regarding the July 20, 2023, order, Cloutier contends that it represents the final, appealable judgment.

As we explain, we conclude Cloutier's appeal of the February 5, 2021, interlocutory judgment must be dismissed as untimely.

The trial court entered the interlocutory judgment on February 5, 2021. It provides that Seaboard owns a two-thirds interest in the Property, and Cloutier owns a one-third interest in the Property. It ordered partition by sale of the Property, with the proceeds from the sale "distributed as follows: . . . [¶] . . . attorney's fees in the amount of $6,210.00 and costs in the amount of $1,542.60 incurred by Seaboard through November 3, 2020, plus any additional attorneys' fees and costs incurred by Seaboard after November 3, 2020, in an amount to be determined by the Court, shall be deduced from the sale proceeds. . . . . [¶] . . . The foregoing costs of partition, including the reasonable attorneys' fees and costs expended by Seaboard in this Action for the common benefit and expenses of referees, shall be apportioned equitably, which the Court finds is a fifty-fifty split between the parties entitled to share in the lands divided, and Seaboard shall be

10

reimbursed by Cloutier for fifty percent (50%) of the costs it incurs, plus prejudgment interest."

Partition actions are governed by section 872.010 and the sections that follow. Pursuant to section 872.720, subdivision (a), "[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition." An interlocutory judgment of partition is an appealable judgment. (§ 904.1, subd. (a)(9) ["(a) . . . An appeal, other than in a limited civil case, may be taken from any of the following: [¶] . . . . [¶] (9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made."]; *Richmond v. Dofflemyer* (1980) 105 Cal.App.3d 745, 753, fn. omitted ["In an action for partition, an interlocutory judgment determining the rights and interests of parties and directing that partition be made has been made expressly appealable by Code of Civil Procedure section 904.1"].)

Cloutier did not appeal the interlocutory judgment. His notice of appeal from the July 20, 2023, order allocating costs, fees, and sale proceeds was filed on September 18, 2023, long after the time for appealing the interlocutory judgment had expired. (Cal. Rules of Court, rule 8.104(a)(1).) Since he did not appeal from the interlocutory judgment of partition in a timely manner, he is precluded from doing so now. (Cal. Rules of Court, rules 8.104(b); *Riley v. Turpin* (1960) 53 Cal.2d 598, 604 [in a partition action where the interlocutory judgment became final without appeal, the interlocutory judgment was "not reviewable as to any alleged errors, on appeal from any subsequent

11

judgment or order"]; *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1488 [no extension of time to file notice of appeal "even for mistake, estoppel, or other equitable reasons" because the "time for appeal is absolutely jurisdictional"].)

Because the basis for the trial court's disbursement of funds to reimburse Seaboard 50 percent of its attorney fees and costs incurred was determined in the interlocutory judgment, and because that provision went unchallenged and became final, Cloutier's belated arguments against the reasonableness and enforceability of the provision lack merit. (*Nevarov v. Nevarov* (1955) 133 Cal.App.2d 457, 458, 460 [rejecting, in an appeal from a final judgment in a partition action, the argument that a provision in an interlocutory judgment ordering them to vacate the property or pay a pre-set fixed amount in rent was "unauthorized and void" because appellants failed to raise that argument in their prior appeal from the interlocutory judgment].)

Accordingly, Cloutier's appeal of the February 5, 2021, interlocutory judgment, including the provision apportioning attorney fees and costs on a 50/50 split between the parties, is dismissed.

### B. The Order Allocating the Sale Proceeds.

Cloutier contends the trial court erred in denying his motion for relief and in granting Seaboard's motion to allocate the sales proceeds.

On March 21, 2023, Seaboard moved to allocate the sale proceeds; Cloutier filed his opposition on April 21. At the hearing on April 24, the trial court refused to consider the untimely opposition and granted the motion to allocate. Subsequently, Cloutier moved for relief from the order based on section 473, subdivision (b). On July 3, 2023,

12

the court denied the motion for several reasons, the "most important" being Cloutier's failure to establish excusable neglect.

### 1. *Denial of motion for relief*

Cloutier contends his motion for relief should have been granted because he "misunderstood the reasoning of the [California] attorney he intended to [retain] . . . to file the response by 4/11/2023." He claims he did not know the attorney's concern for filing the response by April 11 was "due to a statutory deadline in Section 1005." He blames the trial court for "incorrectly believe[ing] that [he] knew the response was due by April 11" and for moving the status conference hearing previously scheduled for April 11. He argues that had the hearing not been moved, his response would have been timely filed. He also faults the court for strictly adhering to the procedural requirement—a proposed response must be attached to the motion—when the court had been provided a copy of his opposition on April 21, 2023. Similarly, he complains "the judge's insistence that [his] affidavit was not made 'under the laws of California' should not have been a ground for denying relief, because [he] was present in court and was able to confirm everything in his affidavit." Finally, Cloutier contends it was error for the court to not consider "the impact of [his] emotional reaction to the fraudulent conduct of Seaboard and its attorney on his ability to meet the filing deadline."

Under section 473, subdivision (b), a trial court may "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" if the party requests relief "within a reasonable time" after the order is entered. Because the

13

law favors disposing of a case on the merits, a denial of a section 473 motion is generally "'scrutinized more carefully than an order permitting trial on the merits.'" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980-981.) Nonetheless, "'"[a] ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse." [Citation.]'" (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 384.)

Here, Cloutier was not entitled to relief under section 473, subdivision (b). Section 473, subdivision (b), states, "Application for this relief *shall be accompanied by a copy of the . . . pleading proposed to be filed therein, otherwise the application shall not be granted, . . .*" (Italics added.) Despite the mandatory language, strict adherence to this procedural requirement is not essential. (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371 ["'"[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits." [Citation.]' [Citation.]"].) Thus, regardless of whether Cloutier attached his "proposed response" to the motion for relief, the trial court was provided a copy on April 21, 2023. However, Cloutier could not establish mistake, inadvertence, surprise, or excusable neglect. He is an attorney who has been licensed to practice law in Illinois for 27 years. (https://jcloutierlaw.com/attorneys.html, [as of Dec. 8, 2025]; https://www.avvo.com/attorneys/60602-il-john-cloutier-1034049.html, [as of Dec. 8, 2025].) He acknowledged that he had consulted a California attorney for this action and was told that a response needed to be filed by April 11, 2023; however, when the case management conference was continued, he "thought he could file the opposition to

14

motion anytime before April 24." Thus, Cloutier conceded that he had not inadvertently failed to file a timely response but had made a conscious decision not to do so. Accordingly, we conclude the trial court did not abuse its discretion in finding that he did not demonstrate sufficient grounds for setting aside the order granting Seaboard's motion to allocate the sales proceeds.

2. *Allocation of proceeds from partition sale*

Finally, Cloutier challenges the July 20, 2023, order allocating the proceeds from the partition sale of the Property. Initially, he argues that since the interlocutory judgment was in error, the order granting "attorney fees and splitting of costs 50/50 need[s] to be vacated and properly examined as well as the findings in the Referee's report." As previously stated, Cloutier is precluded from raising this issue because he failed to timely challenge the interlocutory judgment. (*Nevarov v. Nevarov*, *supra*, 133 Cal.App.2d at pp. 458, 460.)

Nevertheless, Cloutier also contends the trial court erred in "not reviewing the calculations and allowing relief not in the notice of motion." Seaboard asserts Cloutier failed to preserve this issue by failing to file a timely opposition to its motion. In other words, Seaboard argues Cloutier cannot complain of any alleged error because he personally invited it. We are not persuaded. While we agree Cloutier's written opposition was rejected by the lower court because it was untimely, we note that he appeared at the hearing, verbally conveyed his opposition, and subsequently moved to set aside the April 24, 2023, order under section 473, subdivision (b). To say that Cloutier is estopped from asserting the alleged error because of his failure to preserve the issue for

15

appeal seems extremely harsh given the facts of this case. Arguably, he raised an objection, albeit untimely, to Seaboard's requested allocation of the sale proceeds.

Moreover, Cloutier's claim is that the order allocating the proceeds is not supported by substantial evidence. As such, this issue may be asserted for the first time on appeal. (*Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17 ["contention that a judgment is not supported by substantial evidence" is an "exception" to the rule that "points not urged in the trial court cannot be raised on appeal"]; see also, *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 [where postjudgment orders denying special motion to strike and awarding attorney fees were analogous to judgments, appellant was not required to object that orders were not supported by evidence before appealing].)

According to Seaboard, the sale proceeds should be divided as follows:

| | |
|---|---|
| Proceeds deposited with the Court | $313,206.61 |
| Less: Reimbursement of property care expenses | ($12,176.28) |
| Amount to be Distributed | $301,030.33 |

| Description | Seaboard's Amount | Description | Cloutier Amount |
|---|---|---|---|
| 2/3 of $301,030.33 | $200,686.89 | 1/3 of $301,030.33 | $100,343.44 |
| Reimbursement of property care expenses | $12,176.28 | | |
| **Period 1** - Attorney's Fees and Costs from 08/01/1 9 through 11/03/2020 | $7,752.60 | | $0.00 |
| **Period 2** - Attorney's Fees and Costs from 11/04/2020 to 04/27/2022, which includes the 50% allocation. | $15,601.60 | $0.00 | $0.00 |
| Rental Income | $22,666.00 | | $0.00 |
| Security Deposit | $0.00 | | $1,166.00 |

| Attorney's Fees and Costs from 04/28/22 to 03/14/23 | $11,874.64 | | $0.00 |
|---|---|---|---|
| | $270,758.01 | | $42,448.60 |

We compare each of Seaboard's claims against the same recommended by the referee. "The costs of partition include: . . . [¶] [r]easonable attorney[] fees incurred or paid by a party for the common benefit." (Code Civ. Proc., § 874.010, subd. (a).)  A trial court shall apportion these costs "among the parties in proportion to their interests[,] or make such other apportionment as may be equitable." (Code Civ. Proc., § 874.040.)  We review a ruling based on such equitable considerations for abuse of discretion. (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1025.)  We will not disturb it unless the appellant shows that the court "exceeded the bounds of reason, resulting in a miscarriage of justice" (*ibid.*), or that "'there is no substantial evidence to support the . . . court's findings'" (*Orien v. Lutz* (2017) 16 Cal.App.5th 957, 966).

###### a. Property care expenses

Seaboard had requested property care expenses in an amount of $53,068.34. However, after conducting a "detailed review," the referee recommended accepting the reimbursement claim for a total of $12,176.28.  Seaboard stipulated to this amount and acknowledged that it "was reduced directly from the amount [the referee] deposited with the Court."  According to Seaboard's chart, $12,176.28 was reduced from the deposited proceeds amount of $313,206.61, leaving a balance of $301,030.33 available for allocation.  However, Seaboard also included the amount a second time as a credit to its column.  Accordingly, the trial court abused its discretion in awarding Seaboard double

17

recovery of the $12,176.28; the correct amount Cloutier owes Seaboard is $0.00, since it was already paid.

b. Attorney's fees and costs

To begin with, Cloutier asserts Seaboard is not entitled to reimbursement of attorney fees and costs incurred from April 28, 2022, to March 14, 2023, because the notice identified the period from April 28, 2022, to March 14, *2022*,[3] and "'[a] court cannot grant relief different from, or greater than, that which is sought in the notice of motion.' (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124.)" We disagree.

Seaboard's identification of the year 2022 in reference to March 14 amounts to a nonmaterial typographical error. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 694 [assertion the malpractice action was filed on July 18, 19*96*, when in fact it was filed on July 18, 19*86*, amounts to a nonmaterial typographical error].) Here, the notice of motion was not filed alone. Rather, the document filed by Seaboard was entitled, "NOTICE OF MOTION AND MOTION OF SEABOARD, INC.'S TO REQUEST THE COURT TO ALLOCATE THE SALE PROCEEDS FROM THE SALE OF THE REAL PROPERTY;

---

[3] The notice states that Seaboard "will, and hereby does, move for an order for the court for the following:

"1. To *allocate the sale proceeds from the recent partition sale* of the home located at 12306 and 12322 Bryant Street, Yucaipa, CA 92399 ("Property") to the owners (i.e., Seaboard, Inc. and John Cloutier) pursuant to a **portion** of partition referee's recommendation in the written report filed with the Court on July 31, 2022, *with the exception of the allocation of rental income*.

"2. To award Seaboard **additional** *attorney's fees and costs* for the period of time **after** the partition referee's recommendation in the partition report, which will *be from April 28, 2022, to March 14, 2022*.

"3. For an order regarding the final allocation of the sale proceeds from the Property based upon numbers 1 and 2 above."

DECLARATIONS OF WILLIAM R. CUMMING AND DAVID GUARACHA." The motion part of the document specifically requested reimbursement of attorney fees and costs incurred "[f]rom April 28, 2022, to March 14, 2023." Thus, we are not persuaded by Cloutier's argument.

Turning to the claim of attorney fees and costs, for Period 1 (Aug. 1, 2019 through Nov. 3, 2020) Seaboard claimed $7,752.60, and for Period 2 (Nov. 4, 2020 to Apr. 27, 2022) it claimed $15,601.60. These amounts, totaling $23,354.20, were previously reviewed and recommended by the referee. However, the total amount represents 100 percent of the attorney fees and costs. Since the interlocutory judgment requires Cloutier pay 50 percent, he owes Seaboard only $11,677.10. Accordingly, the trial court abused its discretion in awarding Seaboard 100 percent of their attorney fees and costs for Periods 1 and 2; the correct amount Cloutier owes Seaboard is $11,677.10.

Turning to the last period (Apr. 28, 2022 to Mar. 14, 2023), Seaboard claimed that it incurred $21,790.00 in attorney fees and $979.64 in costs, totaling $22,769.64. It submitted an attorney fees and expense report for this period in support of its claim. Cloutier failed to challenge the fees and expense report, and he has not challenged the accuracy of these amounts on appeal. Thus, an award of 50 percent of these attorney fees and costs for this period, in the amount of $11,384.82, is appropriate. However, the amount requested by Seaboard ($11,874.64) is incorrect. According to footnote 5 in its motion, Seaboard used the total amount of attorney fees and costs ($22,769.64) and divided by two, resulting in $11,384.82. However, it then added half of its costs ($489.82; $979.64÷2). Seaboard double-counted the amount of costs, which led to an

19

amount that is $489.82 more than what it is entitled to recover. Accordingly, the trial court abused its discretion in awarding Seaboard $11,874.64 in attorney fees and costs; the correct amount Cloutier owes Seaboard is $11,384.82.

c. *Rental income*

According to the referee's report and recommendation, Seaboard acknowledged that it collected $68,000 in rental income during the period of joint ownership but argued "Cloutier should not receive his 1/3 share because Seaboard was 'entirely responsible for all management' and that 'Cloutier did absolutely nothing and lived thousands of miles away.'" The referee rejected Seaboard's argument and recommended it pay Cloutier $22,666 (one-third of the $68,000). The referee explained that "[r]egardless of whether Mr. Cloutier participated in active property management or lived out of state, he is still entitled to his proportionate ownership share of the rental income stream collected by his co-owner."

In its motion to allocate, Seaboard disagreed with the referee's recommendation, arguing "equitable analysis supports allocating all rental income to Seaboard because Seaboard did all the work while it owned the Property." It alleged that "[d]uring the entire time [it] owned the Property, [it] was completely responsible for the Property, which included repairing and maintaining the homes, leasing the homes to the tenants, communicating with the tenants to address their needs, collecting lease payments, ensuring the Property was maintained and insured, and protecting the Property." Although Seaboard was already in possession of the $22,666 in rental income, it requested, and the trial court awarded, this same amount.

20

The trial court abused its discretion in awarding Seaboard $22,666 in rental income. First, Seaboard was already in possession of this amount by virtue of having collected all rents during the period of co-ownership. Second, Seaboard's justification for its claim was its responsibility for "repairing and maintaining the homes, leasing the homes to the tenants, communicating with the tenants to address their needs, collecting lease payments, ensuring the Property was maintained and insured, and protecting the Property." However, Seaboard separately sought reimbursement of the expenses incurred in managing and repairing the Property, and the referee "conducted a detailed review of each of the exhibits" in support of Seaboard's claim, recommending $12,176.28 reimbursement from the gross proceeds before they are divided between the parties. Thus, to allow Seaboard to retain Cloutier's share of the rental income would result in more than double recovery of its expenses. Accordingly, the trial court abused its discretion in awarding Seaboard $22,666 in rental income; the $22,666 should be awarded to Cloutier.

d. *Security deposit*

The referee noted there was a security deposit in the amount of $3,500 collected and retained by Seaboard following the transfer of the Property to the new owner. Since Cloutier owned a one-third interest in the Property, the referee recommended $1,166 be deducted from Seaboard's share and added to Cloutier's share of the sale proceeds. Seaboard agreed.

21

*e. Corrected chart showing division of sale proceeds*

Since Seaboard used a chart to show how the sale proceeds should be divided between the parties, we do the same. The bottom line of the chart represents the allocation amounts Seaboard requested: $270,758.01 to Seaboard and $42,448.60 to Cloutier. The trial court accepted Seaboard's requested allocations and, on July 20, 2023, ordered $270,738.01 be paid to Seaboard and $42,448.60 be paid to Cloutier. We conclude this allocation constitutes an abuse of discretion. The following chart shows the correct allocation of the sale proceeds.

| | |
|---|---|
| Proceeds deposited with the Court | $313,206.61 |
| Less: Reimbursement of property care expenses | ($12,176.28 to Seaboard) |
| Amount to be Distributed | $301,030.33 |

| Description | Seaboard's Amount | Description | Cloutier Amount |
|---|---|---|---|
| 2/3 of $301,030.33 | $200,686.89 | 1/3 of $301,030.33 | $100,343.44 |
| Reimbursement of property care expenses | $0.00 | | |
| **Period 1** - Attorney Fees and Costs from 08/01/1 9 through 11/03/2020 | $3,876.30 | Cloutier owes Seaboard | ($3,876.30) |
| **Period 2** - Attorney Fees and Costs from 11/04/2020 to 04/27/2022, which includes the 50% allocation. | $7,800.80 | Cloutier owes Seaboard | ($7,800.80) |
| Rental Income | ($22,666.00) | Seaboard owes Cloutier | $22,666.00 |
| Security Deposit | ($1,166.00) | Seaboard owes Cloutier | $1,166.00 |
| Attorney Fees and Costs from 04/28/22 to 03/14/23 | $11,384.82 | Cloutier owes Seaboard | ($11,384.82) |
| | **$199,916.81** | | **$101,113.52** |

## III.  DISPOSITION

Cloutier's appeal of the interlocutory judgment is dismissed.  His appeal of the trial court's order denying his motion for relief is affirmed.  Otherwise, we reverse the July 20, 2023, order regarding the allocation of sale proceeds and remand the matter to the court to correct it according to the calculations expressed in this opinion.  In the interests of justice, the parties shall bear their own attorney fees and costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


FIELDS
J.


RAPHAEL
J.